# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> DANIEL BRUCE LARSON, ) <br> DENISE LYNNE LARSON, ) <br> *Debtors.* ) <br> ) | Case No. 05-76958-SCS <br><br> Chapter 13 |

## MEMORANDUM OPINION

This matter came on for hearing on July 6, 2006, upon the Application for Compensation ("Application") filed by Edward J. Sargent, Counsel for the Debtors in the above-captioned matter ("Sargent"). At the conclusion of the hearing, the Court took this matter under advisement. The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Upon consideration of the evidence and arguments presented by counsel at the hearing and the pleadings submitted, the Court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

On October 14, 2005, Sargent filed a voluntary petition under Chapter 13 of the Bankruptcy Code for the above-named Debtors. On April 20, 2006, Sargent filed his Application for Compensation. In his Application, Sargent requests additional compensation in the amount of $1,906.13, itemized as $1,417.50 for fees and $488.63 for costs incurred. With regard to fees, Sargent asserts that he rendered services for which his fees total $4,427.50 and that his paralegal rendered services totaling $285.00 in relation to the instant

case. Sargent states that the Debtors paid him the sum of $500.00 plus the filing fee of $194.00 at the beginning of his representation, and that an additional $1,000.00 in fees is being paid to him by the Debtors through their Chapter 13 Plan.[1] Sargent further states that, with regard to certain proceedings against the Virginia Division of Child Support Enforcement Services ("DCSE") in the Debtors' bankruptcy case, an agreement was reached with DCSE whereby DCSE agreed to pay the sum of $1,795.00 to Sargent for time he and his paralegal expended to have the husband-debtor's driver's license reinstated, as well as $95.00 to the husband-debtor to reimburse the cost of having his driver's license reinstated.[2] Thus, Sargent seeks approval of the remaining $1,417.50 in fees. He also seeks the reimbursement of costs incurred in the amount of $488.63.

As to Sargent's attorney fees, he asserts that he expended a total of 25.3 hours, at an hourly rate of $175.00, on matters relating to the Debtors' case. According to the Application, this total represents the total time spent working on the Debtors' case, including

---

[1] An Order Confirming the Amended Chapter 13 Plan was entered by the Court on April 26, 2006. Daniel B. & Denise L. Larson, Case No. 05-76958, Order Confirming Chapter 13 Plan, Docket Entry 34, entered April 26, 2006 (confirming Amended Chapter 13 Plan filed February 1, 2006). Sargent, on behalf of the Debtors, filed a Second Amended Chapter 13 Plan on June 19, 2006. Daniel B. & Denise L. Larson, Case No. 05-76958, Second Amended Chapter 13 Plan, Docket Entry 42, filed June 19, 2006. The Second Amended Chapter 13 Plan also contains a provision for payment of $1,000.00 in fees to Sargent. The Second Amended Chapter 13 Plan has not been confirmed.

[2] Sargent notes that the activities for which DCSE is reimbursing him are denoted with two asterisks immediately preceding the date on the document attached to the Application which lists the date, tasks, and time for each task completed by himself and his paralegal. Daniel B. & Denise L. Larson, Case No. 05-76958, Application for Compensation, Docket Entry 32, filed April 20, 2006, at 3.

2

the time expended on certain proceedings against DCSE, which are being reimbursed by that agency. He also represents that his paralegal worked for 3.8 hours on issues related to the Debtors' case. The entire amount of the paralegal's work was contained in the portion of fees reimbursed by DCSE; thus, Sargent does not seek payment for the services of his paralegal in this Application. Sargent also represents that he incurred costs of $488.63 for copying costs and postage for various documents in relation to the Debtors' case.[3]

In support of his request, Sargent states in the Application that after filing the Debtors' petition, the Chapter 13 Trustee filed an Objection to Confirmation; DCSE had the husband-debtor's license suspended; and a second Objection to Confirmation was filed by the Chapter 13 Trustee. Further, Sargent states that both of the Objections to Confirmation were resolved, the first by amending the Chapter 13 Plan and schedules, and the second by amending Schedule J with regard to the Debtors' business expenses. With regard to the matters against DCSE, Sargent filed, on behalf of the Debtors, a Motion for Contempt and Sanctions, and states that a consent decree is currently circulating among the parties resolving that motion.[4]

---

[3] According to the Application, none of the costs incurred relate to the proceedings against DCSE.

[4] According to the Court's docket, since the filing of the Application, the consent order referenced by Sargent has been entered by the Court. Daniel B. & Denise L. Larson, Case No. 05-76958, Consent Order Settling Motion for Contempt, Docket Entry 34, entered May 12, 2006. The Consent Order provides that DCSE will pay $1,850.00 to the Debtors for the attorney fees incurred as well as to cover the fee for reinstating the husband-debtor's driver's license. *Id.* at 2. In the Application, Sargent stated that DCSE had agreed to pay $1,795.00 for attorney fees and $95.00 to the Debtors for the driver's license reinstatement fee. Daniel B. & Denise L. Larson,

A hearing on the Application was held on July 6, 2006, at which Sargent and Frank J. Santoro, appearing for George W. Neal, Chapter 13 Trustee, appeared. Sargent stated that the issues raised in the Objections to Confirmation filed by the Chapter 13 Trustee required him to expend additional time in the Debtors' case. Sargent confirmed that DCSE would be reimbursing his expenses for time spent in relation to the proceedings against that agency.

When asked by the Court about his time records, Sargent represented that he kept time in the instant matter in the same manner as previously represented in a separate case in which he had sought additional compensation. *See generally* Curtis & Cynthia Bryant, Case No. 05-71240, Memorandum Opinion, Docket Entry 71, entered July 18, 2006. He affirmed that he maintained contemporaneous time records with regard to services he rendered in this case. However, the typed documents attached to the Application, which list the activities undertaken by both himself and his paralegal in the instant case and the alleged time spent on such activities ("documents"), were not a copy of those handwritten time records actually maintained for the case. He further confirmed that he kept contemporaneous time records by recording the time spent on each task at the time the task was performed, and that these handwritten notes are maintained in the client file, along with copies of pleadings and other

---

Case No. 05-76958, Application for Compensation, Docket Entry 32, filed April 20, 2006, at 3. In examining the tasks that Sargent notes were performed in relation to the matters against DCSE, the Court computes that the time expended by Sargent and his paralegal, when multiplied by their respective hourly rates, totals $1,755.00, and thus, when combined with the $95.00 fee as noted, totals $1,850.00. The Court, then, will view the $1,795.00 figure as a scrivener's error, which the Court will not scrutinize, as such calculation errors do not bear upon the issues currently before the Court.

4

documents ("time records"). He represented to the Court that his paralegal records her time in the same fashion.[5] When the Application was prepared, his paralegal entered the time from the time records onto the documents attached to the Application, which he reviewed for accuracy prior to filing the Application.[6]

Mr. Santoro stated at the hearing that the Chapter 13 Trustee had reviewed the Application and had no objection to the amount sought by Sargent. He further stated that there were sufficient funds in the bankruptcy estate to pay the amount sought in the Application. The Chapter 13 Trustee did, however, cite to an arithmetic error with regard to the cost portion of the Application. With regard to the April 20, 2006, entry for copying costs, Mr. Santoro stated that the correct amount for the copies should be $111.00, not $132.00, and thus, the costs Sargent seeks to be reimbursed should be reduced by $21.00, to $467.63.

At the conclusion of the hearing, given Sargent's representation to the Court that the documents attached to the Application were not the actual and literal copies of the time records kept in the instant case, the Court ordered Sargent to submit copies of his actual

---

[5] Sargent represented that he maintains such records in each of his cases, but the separate handwritten notes containing his actual time expended were not compiled or totaled unless he elected to file a supplemental fee application in a particular case.

[6] In this opinion, the term "documents" will be used to refer to the documents attached to the Application in which Sargent listed the date, task, and time spent for each task for himself and his paralegal. The term "time records" will be used to refer to those records, consisting of handwritten notes maintained in the Debtors' file, submitted by Sargent in response to the Court's request at the conclusion of the July 6, 2006, hearing.

contemporaneous time records to the Court within ten days. Such records were timely submitted for the entire time period of Sargent's representation of the Debtors.

## II. CONCLUSIONS OF LAW

As this Court has recently discussed in great detail, courts have overwhelmingly held that bankruptcy courts have a duty to review supplemental fee applications.[7] *In re Vernon-Williams*, Case No. 04-37223, --- B.R. —, 2006 WL 1589743, at *13 (Bankr. E.D. Va. Apr. 27, 2006) (citing *In re Busy Beaver Bldg. Ctrs.*, 19 F.3d 833, 841 (3d Cir. 1994); *In re Roman*, Case No. 05-31472, 2005 WL 3736305, at *1 (Bankr. E.D. Va. June 27, 2005); *In re Harris*, Case No. 96-36765, 1998 WL 408896, at *1 (Bankr. E.D. Va. Apr. 14, 1998); and *In re Great Sweats, Inc.*, 113 B.R. 240, 242 (Bankr. E.D. Va. 1990)). Additionally, courts must take great care in scrutinizing supplemental fee applications, "since every dollar received by the applicant results in one dollar less for the creditors . . . ." *Cont'l Ill. Nat'l Bank & Trust Co. v. Wooten (In re Evangeline Refining Co.)*, 890 F.2d 1312, 1326 (5th Cir. 1989) (citing *In re Hotel Assocs.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981)); *In re Szymczak*,

---

[7] As this Court recently stated, it is customary for attorneys in this district to charge an initial flat fee for representing a debtor in a Chapter 13 case. *In re Vernon-Williams*, Case No. 04-37223, --- B.R. ---, 2006 WL 1589743, at *14 (Bankr. E.D. Va. Apr. 27, 2006) (citing *In re Harris*, Case No. 96-36765, 1998 WL 408896, at *1 (Bankr. E.D. Va. Apr. 14, 1998)). Pursuant to Local Bankruptcy Rule 2016-1, the Court routinely approves requests for attorney fees of $1,500.00 or less without a hearing; this fee is customarily referred to as the "no-look" fee. *Id.* Those fees sought in addition to those received as part of the "no-look fee" must be requested by way of a detailed supplemental fee application. *See id.* In the instant case, Sargent is seeking compensation in the amount of $1,417.50 in addition to the $500.00 he received from the Debtors at the beginning of his representation; the $1,000.00 being paid by the Debtors through their Chapter 13 Plan; and the funds being reimbursed to Sargent by DCSE.

246 B.R. 774, 778 (Bankr. D.N.J. 2000) (quoting *In re Busy Beaver Bldg. Ctrs.*, 19 F.3d at 844) (discussing that the court's obligation to examine fee applications derives from the need to "protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors"); *see also In re Courtois*, 222 B.R. 491, 494 (Bankr. D. Md. 1998) (quoting *In re Yates*, 217 B.R. 296, 300 (Bankr. N.D. Okla. 1998)) (finding that "such duty to independently review professional fee applications in Chapter 13 cases becomes a particularly important supervisory function of the court when 'neither the debtors nor most creditors have an incentive to object to attorney's fees'"). Furthermore, the determination of what is reasonable compensation is within the sound discretion of the bankruptcy court. *In re Breeden*, 180 B.R. 802, 808 (Bankr. N.D. W. Va. 1995) (citing *In re AOV Indus., Inc.*, 43 B.R. 468 (D.D.C. 1984)) ("The determination as to what constitutes reasonable compensation for actual, necessary expenses for the purposes of reimbursement under these various Code sections is within the sound discretion of the Court."); *In re Bernard Hill, Inc.*, 133 B.R. 61, 69 (Bankr. D. Md. 1991). The burden of proof is always borne by the applicant in a fee application case. *In re Maxine's Inc.*, 304 B.R. 245, 249 (Bankr. D. Md. 2003); *In re Computer Learning Ctrs.*, 272 B.R. 897, 908 (Bankr. E.D. Va. 2001). To this extent, counsel must file an application that contains sufficient documentation regarding the amount of time spent and the type of work performed. *In re Howell*, 226 B.R. 279, 281 (Bankr. M.D. Fla. 1998) (citing *Am. Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1299 (5th Cir. 1977)).

When counsel seeks an award of supplemental fees, the Court must engage in a step by step process of evaluating the supplemental fees requested. First, the Court must determine whether counsel has kept accurate and contemporaneous time records. *In re Binns*, Case No. 05-32844, Memorandum Opinion & Order, at 2 (Bankr. E.D. Va. Apr. 28, 2006) (unpublished) (Chief Judge Tice did not begin to analyze the supplemental fee request until first noting that "counsel has included his time records with the application, and the court accepts these as reflecting services performed."). If counsel cannot provide the Court with accurate and contemporaneous time records, regardless of the reasonableness of the request, the Court must deny the request for supplemental fees because "actual time records are a requirement when submitting supplemental fee applications." *In re Vernon-Williams*, Case No. 04-37223, --- B.R. ---, 2006 WL 1589743, at *21-22 (Bankr. E.D. Va. Apr. 27, 2006) (citing numerous Chapter 13 supplemental fee cases where the supplemental fees requested were denied on the grounds that counsel was unable to submit contemporaneous time records); *In re Grossman*, Case No. 04-13296, 2006 Bankr. LEXIS 357, at *9, fn.10 (Bankr. E.D. Va. Feb. 15, 2006) ("[T]he practice in this district is to require attorneys who seek compensation beyond the flat fee amount to provide time records for the entire case."); *In re Keatts*, Case No. 03-41428, 2005 Bankr. LEXIS 2917, at *3 (Bankr. E.D. Va. Mar. 31, 2005) (supplemental fee applications filed by law firm of Chaplin, Papa & Gonet denied on the basis that time entries were estimates, and providing that "[t]he court cannot consider the value of the attorney's services when the attorney does not present the court with a statement

of the actual services [it] has rendered"); *In re Carter*, Case No. 02-67413, Memorandum Opinion & Order, at 6 (Bankr. E.D. Va. Mar. 31, 2003) (unpublished) (holding that supplemental fee applications must include actual time records); *see also In re Harris*, Case No. 96-36765, 1998 WL 408896, at *2 (Bankr. E.D. Va. Apr. 14, 1998) (providing that "[e]ven though the attorney initially charges a flat fee for services leading to the filing of a chapter 13 petition, all attorneys are expected to maintain time records of *all* services if they ever anticipate requesting the court to approve additional charges"); *In re C & J Oil Co.*, 81 B.R. 398, 403 (Bankr. W.D. Va. 1987) (discussing fees in a Chapter 11 case and noting that "as indicated by Bankruptcy Rule 2016, it is necessary that counsel keep contemporaneous time records of services rendered . . . .").

If counsel does not keep contemporaneous time, then counsel cannot meet its burden regarding the fees requested, and therefore, the Court must deny the supplemental fees requested. *In re Vernon-Williams*, --- B.R. ---, 2006 WL 1589743, at *21. However, if counsel submits contemporaneous time records, that does not end the Court's inquiry regarding the supplemental fees requested. Rather, if counsel has contemporaneous time records, the Court then engages in the second step of evaluating the supplemental fee application to determine the reasonableness of the request in light of numerous factors, including but not limited to, examining the time entries on the fee applications, whether the services provided to the debtor were routine or non-routine, whether the tasks were clerical, and whether counsel has engaged in billing judgment. Essentially, this second step of

evaluating the supplemental fee request requires the Court to determine whether counsel has demonstrated that the totality of the fees requested are in fact reasonable. *In re Binns*, Case No. 05-32844, Memorandum Opinion & Order, at 3 (Bankr. E.D. Va. Apr. 28, 2006) (unpublished); *see also In re Harris*, 1998 WL 408896, at *2.

Section 330 of the Bankruptcy Code provides that "[i]n determining the amount of reasonable compensation to be awarded the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors . . . ." 11 U.S.C § 330(a)(3).[8] These factors include:

(A)   time spent on such services;
(B)   the rates charged for such services;
(C)   whether the services were necessary to the administration of . . . a case under this title;
(D)   whether the services were performed within a reasonable amount of time . . . ; and
(E)   whether the compensation is reasonable based on the customary compensation charged . . . .

*Id.* § 330(a)(3)(A)–(E).

Furthermore, in the Fourth Circuit, attorney fees are evaluated using the *Barber* factors as well as the lodestar method. There is some debate over which test is superior; however, the Fourth Circuit appears to use a "hybrid" of the *Barber* factors and lodestar method. *See, e.g., Equal Employment Opportunity Comm'n v. Serv. News Co.*, 898 F.2d

---

[8] The citations and quotations in this Memorandum Opinion to Title 11 of the United States Code are to those sections in effect at the time the underlying bankruptcy case was filed, not to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which took effect October 17, 2005. Furthermore, the citations and quotations in this Memorandum Opinion to the Local Bankruptcy Rules are also to those sections in effect at the time the case was filed.

958, 965 (4th Cir. 1990); *In re Great Sweats, Inc.*, 113 B.R. 240, 241 (Bankr. E.D. Va. 1990). In *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), *cert. denied*, 439 U.S. 934 (1978), the Fourth Circuit Court of Appeals held that courts must consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when determining the reasonableness of the fees requested. These twelve factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28. Applying these factors, attorneys' fees are to be evaluated by the lodestar method. "[T]he product of reasonable hours and a reasonable rate constitutes the lodestar [method]." *In re Harris*, Case No. 96-36765, 1998 WL 408896, at *3 (Bankr. E.D. Va. Apr. 14, 1998); *see also Serv. News Co.*, 898 F.2d at 965 (citing *Daly v. Hill*, 790 F.2d 1071 (4th Cir.1986), and *Blum v. Stenson*, 465 U.S. 886, 888 (1984)) (stating that "these [*Barber*] factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee").

In the present case, counsel has provided the Court with time records as requested, and the Court is satisfied that the time records supplied are indeed contemporaneous time records.

*See In re Harris*, 1998 WL 408896, at *2 (discussing that attorneys must maintain time records for all services when supplemental fees are sought to enable the court in determining whether the total fee sought is reasonable, rather than just whether the supplemental fee is reasonable). With the exception of certain entries on the document and time records as noted below,[9] the Court's review of the time records leads the Court to conclude that Sargent recorded the time spent as the distinct tasks associated with the instant case were completed. *See In re Vernon-Williams*, Case No. 04-37223, --- B.R. ---, 2006 WL 1589743, at *17 (Bankr. E.D. Va. Apr. 27, 2006) (quoting The Am. Heritage Dictionary (1982)) (noting that the term "contemporaneous" denotes a matter that "originat[es], exist[s], or happen[s] during the same time period"). The time entries appear to the Court to reflect tasks necessary to the instant case. None of the time entries appear to be repetitive or redundant in nature. Because the Court has concluded that contemporaneous time records exist, the Court must now determine if the amount sought by Sargent is reasonable. At the outset, the Court finds that Sargent's hourly rate of $175.00 is reasonable in light of his experience and reputation, as well as the ability demonstrated by Sargent in the Debtors' case. The Court also finds that the rate is within the acceptable range for similarly-situated practitioners that appear before this Court.

In the Application, Sargent notes that, among the tasks performed for which he is

---

[9] The Court addresses below the reduction in fees sought in the Application for lack of time entries on the time records for certain tasks and lack of recorded time on the time records for other tasks. *See infra* page 14-17.

seeking additional compensation, he successfully resolved an Objection to Confirmation by the Chapter 13 Trustee to both the Original Chapter 13 Plan, as well as an Objection to Confirmation by the Chapter 13 Trustee to the First Amended Chapter 13 Plan. In a recent opinion, Chief Judge Tice stated:

> Ordinarily, the basic fee charged for debtor representation in a chapter 13 bankruptcy should cover services such as "interviews with the client, contacting creditors . . . and verifying other information for the statements and schedules, preparation of [the] petition, schedules and a confirmable plan, attendance at the Section 341 meeting of creditors, and . . . attendance to other more routine matters encountered in the case." Thus, the basic fee charged for legal services should encompass all reasonably predictable services by the attorney and may include plan modification and amendments of schedules.

*In re Binns*, Case No. 05-32844, Memorandum Opinion & Order, at 2 (Bankr. E.D. Va. Apr. 28, 2006) (unpublished) (citing *In re Harris*, 1998 WL 408896, at *1). Chief Judge Tice went on to state that legal services related to matters such as a motion for relief from stay and objections to confirmation may warrant an award of additional compensation in addition to the "no-look" fee if reasonable in the context of the case. In certain circumstances, plan modification may also be considered to be "non-routine" if the circumstances necessitating the modification were not those that could have been reasonably anticipated by the attorney. *Id.* at 2-3.

The Court's review of the Application, the documents attached to the Application, and the time records, as well as consideration of Sargent's statements at the July 6, 2006, hearing, convince the Court that, under the circumstances faced by the Debtors in the instant matter, including the proceedings against DCSE, the fees sought by Sargent are reasonable. Sargent

did expend additional effort in connection with the Debtors' case as a whole, as reflected in his records as well as upon the Court's review of the docket in this case. He also successfully addressed the matters against DCSE and negotiated a settlement of those matters that included payment of his attorney fees incurred in connection with that matter, thus lessening the financial effects upon the Debtors' bankruptcy estate. The Court's review of the docket in this case reflects no objection by any party to the Application, and the Chapter 13 Trustee affirmatively stated that he likewise had no objection to the amount sought.[10] Therefore, the Court finds that the fees sought by Sargent for his additional services rendered in the Debtors' case are reasonable given the context of the instant case.

Although the Court has concluded that Sargent kept his time records in a contemporaneous fashion, the Court cannot locate entries within the time records for two of the entries listed on the documents submitted as an attachment to the Application. Sargent did not provide additional evidence that convinces the Court that the time listed on the documents submitted with the Application was contemporaneously recorded. Thus, without contemporaneously recorded time, the Court must reduce the amount of the fees sought as outlined below. The two tasks for which the Court is unable to locate and review entries in the time records which correspond to the entries on the documents submitted with the Application are:

---

[10] The Chapter 13 Trustee did highlight an arithmetic error regarding the cost portion of the Application. *See supra* page 5.

| Date | Task | Time Listed on Documents |
|---|---|---|
| 10/26/2005 | Draft engagement letter | 0.2 hours |
| 03/09/2006 | Preparation of Amended Schedule J; TC to Alex Pincus | 0.2 hours |

Thus, the Court must reduce the fee sought by Sargent by $70.00 (0.4 hours X $175.00/hour) for lack of corresponding entries in the time records for these tasks.

In two instances, the task entries on the documents attached to the Application can be matched to task entries on the time records, but there is no time amount listed on the time records. In these instances, the Court must likewise deny the time requested for lack of contemporaneous time records.

| Date | Task | Time Listed on Documents | Time Listed on Time Records |
|---|---|---|---|
| 10/07/05 | TC w/ Daniel Larson | 0.2 hours | None |
| 01/09/06 | Review Objection to Confirmation | 0.2 hours | None |

Thus, the Court must reduce the fee sought by Sargent by an additional $70.00 (0.4 hours X $175.00/hour) for lack of corresponding entries in the time records for these tasks.

Finally, in two additional instances, while the task entries on the documents attached to the Application can be matched to task entries on the time records, the Court's review of these entries reveals that on the time records, the time for the tasks appears to have been recorded together with a task relating to services for which reimbursement has been or will be paid by DCSE. However, on the documents attached to the Application, the time appears

to have been separated for the respective tasks. The Court can suppose that such action was taken so as to separate the tasks related to the DCSE matters, for which Sargent is not seeking compensation, from the other matters for which Sargent is seeking compensation. The Court finds, however, that such recordation is too ambiguous and is thus insufficient so as to constitute a reliable and interpretable contemporaneous record of time, and thus, the Court must reduce Sargent's fee with regard to those entries. *See In re Vernon-Williams*, Case No. 04-37223, --- B.R. ---, 2006 WL 1589743, at *24 (Bankr. E.D. Va. Apr. 27, 2006) (citing *O'Connell v. Mann (In re Davila)*, 210 B.R. 727, 733 (Bankr. S.D. Tex. 1996)) ("[C]ertainly, it is more practical to expect the applicant than the Court to justify fee awards."); *In re Great Sweats, Inc.*, 113 B.R. 240, 245 (Bankr. E.D. Va. 1990) (quoting *In re Horn and Hardart Baking Co.*, 30 B.R. 938, 944 (Bankr. E.D. Pa. 1983)) ("'The court should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself.'").

The first of these instances is found in the January 18, 2006, entry on the documents of "TC to Alex Pincus," which sets forth a time amount of 0.1 hours. However, on the time records, this task appears to have been performed at or about the same time as the task noted in the January 18, 2006, entry of "TC to C. Roberts @ DCSE,"[11] and a time amount of 0.2 hours is contained in the time records. The time listed for the task of "TC to C. Roberts @ DCSE" on the documents attached to the Application is 0.1 hours, which when added to the

---

[11] This entry is preceded with two asterisks on the documents, which as previously noted, denotes those entries for tasks which DCSE is reimbursing Sargent for his fees incurred.

time noted for the January 18, 2006, entry of "TC to Alex Pincus," would equal 0.2 hours. However, without an unambiguous contemporaneous recordation of time for the January 18, 2006, entry of "TC to Alex Pincus," the Court must deny the fee of $17.50 requested for this task (0.1 hours X $175.00/hour).

Similarly, the Court must also deny the fee requested in relation to the March 14, 2006, entry on the documents of "Conf. w/ Daniel & Denise Larson re: amended Schedule J," which sets forth a time amount of 0.1 hours. On the time records, this task appears to have been performed at or about the same time as the task noted in the March 14, 2006, entry on the documents, more specifically, "Conf. w/ Daniel & Denise Larson re: DCSE situation."[12] For each of these entries, the time listed on the documents is 0.1 hours. However, on the time records, the time amount for these two tasks appears to have been combined and listed on the time records is 0.2 hours. Again, the Court must deny the fee sought for the task noted as "Conf. w/ Daniel & Denise Larson re: amended Schedule J" for lack of an unambiguous contemporaneous recordation of time, and reduce Sargent's fee an additional $17.50 for this task (0.1 hours X $175.00/hour).

To summarize, the Court finds that Sargent's fees must be reduced in the following amounts: $70.00 (0.4 hours X $175.00/hour) for tasks for which the Court is unable to locate entries on the time records that correspond to the entries on the documents; an additional $70.00 (0.4 hours X $175.00/hour) for tasks where there is no time amount listed on the time

---

[12] Again, this entry is preceded with two asterisks on the documents to denote this activity as one for which DCSE is reimbursing Sargent for his fees incurred.

records; and $35.00 (0.2 hours X $175.00) for tasks where the time was not sufficiently set forth so as to constitute unambiguous, contemporaneously kept time. As a result of these findings, the Court concludes that the fees sought by Sargent should be reduced in the total amount of $175.00 (1 hour X $175.00/hour).

The Court has previously discussed its finding that Sargent's hourly rate of $175.00 per hour is reasonable. Now, the Court must determine whether the fee sought (after reducing the total fee sought as outlined in the preceding paragraphs) is reasonable by applying the *Barber* factors and the lodestar method. The Court remains mindful that this determination must also include consideration of whether the services provided were clerical in nature such that they should be subsumed into overheard; whether the services provided were unnecessary or duplicative; whether the time spent on any one task is unreasonable; whether counsel provides enough detail of the tasks completed to reveal the substance of the activity performed; and the novelty and difficulty of the case. In the instant case, after examining the records and considering the aforementioned factors, along with Section 330 of the Bankruptcy Code, and the *Barber* factors in conjunction with the lodestar method, the Court finds that Sargent has met his burden of proving that the fees sought in the Application, which are supported by actual contemporaneous records, are reasonable. Thus, the Court finds that it is appropriate to approve the fees sought by Sargent in the amount of $1,242.50, and to deny the remainder of the fees for the reasons stated above.

In the Application, Sargent also seeks $359.06 for costs incurred. Section 330

provides that an attorney may be reimbursed for "actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B). As with records supporting additional compensation, records submitted in support of costs incurred must be reliable and specific. *See In re S.T.N. Enters.*, 70 B.R. 823, 834 (Bankr. D. Vt. 1987) (providing "[w]e shall refuse compensation or reimbursement when the supporting records are unreliable or lack specificity"). Furthermore, costs requested must be only for those which are actually incurred. *In re Williams*, 102 B.R. 197, 199 (Bankr. N.D. Cal. 1989) (discussing a compensation request from the trustee and holding "[a]s a matter of law, the Court finds that an expense is not 'actual,' and therefore not reimbursable under section 330(a)(2), to the extent that it is based on any sort of guesswork, formula, or pro rata allocation"); *In re Marsh*, 14 B.R. 615, 617 (Bankr. E.D. Va. 1981) (discussing a report of the trustee for compensation and stating that "expenses must be actual, not estimates").

In the instant matter, the copying and postage costs requested to be reimbursed by Sargent meet the criteria of being actual and specific. The documents submitted as an attachment to the Application clearly and specifically set forth detailed information for each copying and postage entry. The entries related to copying each state the date on which the copies were made; the document that was copied; the per page amount for copies; the number of copies made; and the total cost for copying that document. The documents submitted with the Application also clearly and specifically provide similar information with regard to postage costs: the date of mailing; the document that was mailed; the cost for mailing each

19

                    Document      Page 20 of 20

document; the number of mailings; and the total cost for mailing that document. The Court finds that Sargent did actually incur these expenses and that he did not base his request for reimbursement of these costs upon estimates or any other type of formula. The Court also finds that the expenses were reasonable and necessary in the instant matter. Finally, the Court has determined that Sargent's calculation of costs he incurred does contain an arithmetic error, as recited by the Chapter 13 Trustee, and that the costs requested should be reduced by $21.00. Therefore, the Court finds that Sargent is entitled to reimbursement of costs in the amount of $467.63, rather than the $488.63 as requested.

Accordingly, the Court concludes that the Application for Compensation should be approved in the amount of $1,242.50 for fees and in the amount of $467.63 for reimbursement of costs incurred, for a total award of $1,710.13. The Court further concludes that the remaining compensation requested should be denied.

A separate order will issue.

The Clerk shall deliver copies of this Order to Edward J. Sargent, Counsel for the Debtors; Daniel Bruce Larson and Denise Lynne Larson, Debtors; George W. Neal, Chapter 13 Trustee; and to the Office of the United States Trustee.

**Entered: July 21, 2006, at Norfolk, Virginia.**

STEPHEN C. ST. JOHN
United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
Entered on docket    JUL 21 2006